IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS MINNICK | : | CIVIL ACTION |
| v. | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security | : | NO. 12-4471 |

### ORDER-MEMORANDUM

**AND NOW**, this 19th day of February, 2014, upon consideration of Plaintiff's Complaint requesting review of the decision of the Commissioner of the Social Security Administration (Docket No. 1), all documents filed in connection therewith, the Report and Recommendation of United States Magistrate Judge Henry S. Perkin (Docket No. 12), and Plaintiff's Objections thereto, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Plaintiff's Request for Review of the decision of the Commissioner of the Social Security Administration is **GRANTED IN PART AND DENIED IN PART**; and

4. This matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendation of United States Magistrate Judge Henry S. Perkin.

On November 10, 2010, the Administrative Law Judge ("ALJ") denied Plaintiff's request for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (R. 22-35.) The ALJ found that Plaintiff has not engaged in substantial gainful employment since November 13, 2007, the alleged onset date of his disability. (R. 26.) The ALJ further found that Plaintiff has the following severe impairments: "hepatitis infection, obesity,

syncope, and tendinopathy of the right arm." (R. 28.)  However, the ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform "light work that does not involve extending [sic] reaching with the right, dominant arm and precluding exposure to heights and hazards such as moving machinery." (R. 32.)  The ALJ recommended that Plaintiff engage only in light work because of his "hepatitis infection, possibly aggravated by obesity, that has caused some fatigue," and recommended that any work involve limited reaching with the right arm because of Plaintiff's tendinopathy, and no exposure to hazards because of Plaintiff's syncope. (Id.)  The ALJ concluded that, in spite of these limitations, Plaintiff is not disabled because he can engage in occupations such as production inspector and usher, which exist in significant numbers in the regional and national economies. (R. 33-34.)

In his decision, the ALJ acknowledged that two of Plaintiff's treating physicians, Dr. Mitchell Conn and Dr. Kevin Melnick, and a state agency physician, Dr. George Weiss, have all opined that Plaintiff cannot work or is disabled due to fatigue and arthralgias. (R. 31-32.)  The ALJ also acknowledged that Plaintiff testified during a September 15, 2010 hearing that he feels constant fatigue. (R. 30.)  However, the ALJ did not rely on the physicians' opinions because they were not supported by Plaintiff's medical records, and he likewise refused to credit Plaintiff's testimony regarding fatigue because it was inconsistent with his medical treatment notes. (R. 30-31.)

On November 23, 2010, Plaintiff filed a Request for Review of the ALJ's decision. (R. 17.)  The Appeals Council denied the request on June 7, 2012, making the ALJ's decision the final decision of the Commissioner of Social Security. (R. 1.)  Plaintiff filed the instant action on August 7, 2012, raising two issues:  whether the ALJ properly evaluated (1 the medical evidence and (2) Plaintiff's subjective complaints. (Pl.'s Br. at 1.)

Pursuant to Local Rule 72.1(d)(1)(C), we referred the case to Magistrate Judge Henry S. Perkin for a Report and Recommendation.  With respect to the first issue, the Magistrate Judge recommends that there is substantial evidence in the record to support the ALJ's decision with respect to the medical evidence.  (R&R at 14.)  With respect to the second issue, the Magistrate Judge recommends that the ALJ failed to consider the Plaintiff's long work history in making his overall credibility determination and further recommends that this case be remanded to the ALJ for further consideration of Plaintiff's credibility.  (Id. at 19.)  Plaintiff now objects to the Magistrate Judge's recommendation in connection with the first issue, reiterating his contentions that the ALJ erred in disregarding the recommendation of Dr. Hugh Lipshutz that Plaintiff should "avoid standing in one position for long periods of time" and the opinions of Doctors Conn, Melnick and Weiss that Plaintiff is unable to work due to his medical conditions.  (Obj. at 2-3.)

Judicial review of the Commissioner's final decision is limited, and the ALJ's findings of fact will not be disturbed if they are supported by substantial evidence.  Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008) (citing 42 U.S.C. § 405(g)); see also 42 U.S.G. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Substantial evidence is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Brownawell, 554 F.3d at 355 (quoting Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), and citing Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 200 (3d Cir. 2008)).  The ALJ's legal conclusions are subject to plenary review.  Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)).

We review de novo those portions of a Magistrate Judge's report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). We may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

As noted above, Plaintiff first objects to the Magistrate Judge's failure to find error in the ALJ's disregard of Dr. Lipshutz's recommendation that Plaintiff avoid standing for long periods of time because of his syncope. Plaintiff saw Dr. Lipshutz, a cardiologist, for evaluation of his syncope on two occasions, the first time in 2008 and the second time on May 28, 2010. (R. 570.) On May 28, 2010, Dr. Lipshutz stated that, since Plaintiff's first episode of syncope in November 2007, Plaintiff had experienced six or seven additional episodes, several occurring after he exited the shower. (Id.) Dr. Lipshutz performed tests, including a stress echocardiogram, and determined that Plaintiff did not require medical therapy. (R. 571.) Dr. Lipshutz subsequently stated in his report that "I cautioned the patient to avoid situations which he knows have precipitated this in the past, such as a hot shower. He should maintain a good state of hydration, [use] liberal amounts of salt, and avoid standing in one position for long periods of time." (Id.)

As a general matter, the opinions of a social security claimant's "'treating physician are entitled to substantial and at times even controlling weight.'" Johnson, 529 F.3d at 202 (alteration in original) (quoting Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001)). "However, the treating source's opinion is entitled to controlling weight only when it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Id. (alteration in original) (quoting Fargnoli, 247 F.3d at 43.) Here, there are no medical findings in Dr. Lipshutz's report that support his statement that Plaintiff should avoid standing in the same place

for a long period of time. (See R. 570-71.) We thus conclude that the ALJ did not err by disregarding this recommendation, and we overrule Plaintiff's objection to the Magistrate Judge's Report and Recommendation with respect to this issue.

Plaintiff also objects to the Magistrate Judge's failure to find error in the ALJ's rejection of the opinions of Drs. Melnick, Conn and Weiss that Plaintiff is unable to work. The record reflects that Dr. Melnick is Plaintiff's treating primary care doctor. On June 18, 2010, he opined that Plaintiff is "totally disabled due to his medical conditions including Major Depressive Disorder, Chronic Fatigue, Chronic Hepatitis C, and Syncope." (R. 525.) Dr. Melnick further opined that "[t]his will not change and will only worsen in the forseeable future." (Id.) Dr. Conn is Plaintiff's treating hepatologist. On June 23, 2010, he wrote that Plaintiff suffers from chronic hepatitis C that did not respond to therapy and stated that Plaintiff has "significant symptoms including fatigue, malaise, and arthralgias." (R. 527.) Dr. Conn further opined that Plaintiff "is unable to maintain active employment due to these symptoms." (Id.) On July 27, 2008, Dr. Weiss, the state agency physician, dictated a medical report in which he stated that Plaintiff "cannot work due to chronic liver disease due to hepatitis C." (R. 346.)

The ALJ wrote in his decision that he did not rely on these three doctors' opinions because the opinions are not supported by Plaintiff's medical treatment records. (R. 31.) The ALJ explained that Plaintiff's treatment notes reflect that Plaintiff is "doing well with only mild fatigue or even no fatigue at all, and do not indicate any resulting interference with daily functioning." (Id. (citing R. 335-42, 471-510, 553-575).) The ALJ also noted that Plaintiff's recent diagnostic testing showed that his liver functions have been normal since the alleged onset date of his disability. (Id.)

We have reviewed the medical evidence of record.  Plaintiff's medical treatment notes near and after the alleged onset date of his disability (November 13, 2007), mention that Plaintiff complained of fatigue only on March 5, June 20, and August 26, 2008, and November 9, 2009. (R. 342, 360-62, 515.)  Moreover, neither Dr. Melnick's nor Dr. Conn's treatment notes discuss the extent of Plaintiff's fatigue or how his fatigue limits his activities.  (See R. 342, 360-62, 515.)

In addition, tests of Plaintiff's liver and spleen conducted on September 27, 2007, August 18, 2009, and July 2, 2010, show no more than minor changes to Plaintiff's liver.  (R. 390, 467, 536.)  Indeed, the liver tests performed on July 2, 2010 show that Plaintiff's liver was normal. (R. 536.)  Moreover, in contrast to the doctors' opinions regarding the impact of Plaintiff's athralgias, the medical tests performed on July 14, 2008, May 15, 2009, and June 11, 2009, show that his knees were normal, that he had only mild degenerative arthritis and disc disease in his back, and that his right elbow was normal.  (R. 413, 441, 443, 506.)   Additionally, Plaintiff's medical records show that his episodes of syncope were infrequent and did not usually cause him to fully pass out.  (R. 424, 570.)

As noted above, Plaintiff's treating physicians' opinions are "entitled to controlling weight only when [they are] 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the claimant's] case record."  Johnson, 529 F.3d at 202 (third alteration in original) (quoting Fargnoli, 247 F.3d at 43.) We agree with the ALJ that Dr. Melnick's, Dr. Conn's and Dr. Weiss's opinions that Plaintiff cannot work as a result of his fatigue, hepatitis, syncope and arthralgias are inconsistent with the other substantial medical evidence in the record before us.  We conclude, therefore, that the ALJ's decision not to rely on the opinions of Drs. Melnick, Conn and Weiss is supported by substantial evidence of record.

For the above stated reasons, we overrule Plaintiff's objection to Magistrate Judge Perkin's recommendations regarding the ALJ's treatment of Dr. Lipshutz's recommendation and the opinions of Drs. Melnick, Conn and Weiss, and we approve and adopt the Report and Recommendation, which also recommends entering judgment in Plaintiff's favor and remanding this case to the ALJ for further consideration of Plaintiff's subjective complaints and credibility. We will enter judgment in Plaintiff's favor in a separate order filed contemporaneously with this one.

BY THE COURT:

/s/ John R. Padova

_____
John R. Padova, J.